

THE ATTORNEY GENERAL.

OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 25, 1948

Hon. Perry L. Jones
County Attorney
Travis County
Austin, Texas

Opinion No. V-587

Re: Question relating to
the travel expense of
a sheriff commission-
ed to return a fugi-
tive from justice to
this State.

Dear Mr. Jones:

Your request for an opinion of this depart-
ment relating to the travel expenses of a sheriff com-
missioned to return a fugitive from justice contains
several question which, for the sake of clarity, will
be stated and answered separately.

Question No. 1 is as follows:

"Will you please advise me whether
it is lawful for me to approve and the
Commissioners' Court to pay the sheriff
and his deputies under the provisions of
Article 6877-1, Vernon's Annotated Texas
Statutes, for any mileage incurred out-
side of the State of Texas?"

Articles 1005 and 1006, Vernon's Code of Crim-
inal Procedure, respectively read:

"Art. 1005:

"When the Governor deems it proper
to demand a person who has committed an
offense in this State and has fled to
another State or territory, he may com-
mission any suitable person to take such
requisition. The accused, if brought back
to the State, shall be delivered up to the
sheriff of the county in which it is al-
leged he has committed the offense."

"Art. 1006:

"Section 1.  The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor.

"Section 2.  The Commissioners Court of the county where an offense is committed may in its discretion, on the request of the Sheriff and the recommendation of the District Attorney, pay the actual and necessary traveling expenses of the officer or person so commissioned out of any fund or funds not otherwise pledged."

A sheriff, deputy sheriff, or other peace officer who goes to another state after a fugitive from justice may not be legally paid his actual and necessary traveling expenses by either the State or county under the provisions of Article 1006, unless he was commissioned an agent of the State by the Governor in accordance with the provisions of Article 1005.

You have advised us that the Commissioners' Court of Travis County has allowed the sheriff and his deputies six cents per mile for the use and operation of their personally owned automobiles as authorized by section (c) of Article 6877-1, Vernon's Civil Statutes. This Article restricts the payment for such mileage to miles traveled "to and from points within this State" by such officers in the performance of their official duties as sheriff or deputy sheriff.

This department stated in Opinion No. V-525, dated March 23, 1948, that if a sheriff or other peace officer of this State should execute in another State a warrant of arrest or capias issued in this State, such an arrest would be without authority of law, and such officer's position would be no better or different from that of a private citizen, and that a sheriff or other peace officer of this State has no jurisdiction beyond the boundaries of his State.

It has been for many years the opinion of this office that when a sheriff, his deputy, or other peace officer has been commissioned by the Governor as an

agent of the State, under Article 1005, such person in performing his duties as such agent does not act in the dual capacity of both agent and officer, but at all times acts only as such agent until he has completed the purpose for which he was appointed, and travels both within and without the State in that capacity.  Opinion No. 2862, Report and Opinions of the Attorney General, 1930-1932, p. 291; Opinions Nos. 0-1016 and 0-4444.

The form of commission issued to an agent of the State whether he be a sheriff, other peace officer, or a private citizen, has for several years contained this significant provision:

"I do hereby direct the said . . . to receive said fugitive; bring. . . . to this State and deliver . . . to the Sheriff of the County of . . . inside the jail of said County."

When the agent has fully performed the duties imposed upon him by the foregoing provision, and not before, his agency is automatically terminated.

For the reasons heretofore stated, your first question is answered in the negative.

Question No. 2 is as follows:

"Will you please advise me whether it is lawful for me to approve and the Commissioners' Court to pay an _agent_ of the State of Texas, commissioned by the Governor in accordance with the provisions of Article 1005, V.C.C.P., any additional sum over the actual and necessary traveling expenses paid to him by the State of Texas for receiving a fugitive from justice from the authorities of another state and returning him to Travis County, Texas?" (Emphasis added)

In answer to your second question, it is our opinion that neither the State nor the county may legally pay an agent of the State any more than his actual and necessary traveling expenses.  Under the law as it now exists, the payment of such expenses is an obligation of the State and it is presumed the State will respect its obligation.  Of course, if the State fully pays such

expenses, the county cannot supplement what the State
has paid, for the agent has received all the law has al-
lowed him. However, should the State refuse to pay him
any legitimate item or items of expense actually and
necessarily incurred by him as such agent, then the Com-
missioners' Court may in its discretion pay the same in
accordance with Section 2, Article 1006, V. C. C. P.,
but it may not legally pay him any mileage for the use
and operation of his privately owned automobile for
miles traveled either within or without the State, un-
der the provisions of Article 6877-1. Therefore, your
second question should be answered in the negative.

Our answers to questions Nos. 1 and 2 make it
unnecessary to answer your questions Nos. 3(a), 3(b), 4,
5 and 6.

Question No. 7 is as follows:

"If, in answer to any of the above
questions, you hold that it is lawful
for me to approve and the Commissioners'
Court to pay to an agent of the State of
Texas, commissioned by the Governor in ac-
cordance with Article 1005, V.C.C.P. any
amounts whatsoever under the provisions
of Section 2 of Article 1006, V.C.C.P.
then can the Commissioners' Court require
that an application be made by the agent
and an estimate of the mileage, and the
expenses to be paid an agent of the State
of Texas, commissioned as above set out,
before he proceeds to some point outside
the State of Texas to receive from the
authorities thereof a fugitive from jus-
tice?" (Emphasis added)

Section 2 of Article 1006 does not impose up-
on a county, as it does upon the State of Texas, the
mandatory duty of paying the actual and necessary tra-
veling expenses incurred by an agent of the State in the
performance of his duty. The Commissioners' Court may
or may not in its discretion pay such expenses in ac-
cordance with Section 2 above. This being true, we know
of no legal reason why the Commissioners' Court may not
require an agent of the State, before he leaves to ful-
fill his mission, to file with it an estimate of the ac-
tual and necessary expenses, including actual cost of
transportation, he will incur in making the trip.

Hon. Perry L. Jones, page 5 (V-587)

SUMMARY

1. A Commissioners' Court under Article 6877-1, V. C. S., has no authority to pay a sheriff or his deputies any mileage for the use and operation of their personally owned automobile for miles traveled outside of this State. Authority for payment of actual expenses is set out in Article 1005.

2. A prerequisite for compensation for traveling expenses beyond the State line is that the officer be commissioned by the Governor to return a fugitive from justice. If so commissioned, he shall be paid his actual and necessary traveling expenses either by the State or the Commissioners' Court in its discretion, but not by both. Article 1006, V.C.C.P.

3. A sheriff commissioned by the Governor to return a fugitive from another State travels as an agent of the State and not as a sheriff, and would not be entitled to compensation in excess of his actual and necessary traveling expenses. Attorney General's Opinions Nos. 2682, 0-1016 and 0-4444.

4. It is the duty of the State to pay the actual and necessary traveling expenses of an agent of the State. However, should it refuse to pay him any legitimate item or items of such expense, the Commissioners' Court may in its discretion pay the same in accordance with Section 2, Article 1006, V.C.C.P., but may not pay him any mileage for the use and operation of his privately owned automobile for miles traveled either within or without the State under the provisions of Article 6877-1, V. C. S.

5. If a Commissioners' Court agrees to pay the actual and necessary traveling expenses of an agent of the State in returning a fugitive from justice, said

Commissioners' Court may require an esti-
mate of such expenses before the agent
proceeds to a point outside the State.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Burnell Waldrep
    Assistant

BW:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL